IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| DEBRA T. SHARP, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION 06-0817-WS-C |
| | ) | |
| WAL-MART STORES, INC., *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

This matter comes before the Court on plaintiff's Motion for Leave to Amend Complaint (doc. 2) and Motion to Remand (doc. 7). The Motions have been briefed and are ripe for disposition at this time.

**I.     Background.**

On August 30, 2006, plaintiff Debra T. Sharp ("Sharp") initiated this personal injury action against defendants Wal-Mart Stores, Inc. ("Wal-Mart")[1] and Kevin Delony ("Delony") in the Circuit Court of Clarke County, Alabama. The Complaint alleged that Sharp sustained personal injuries when she was hit on the head by plastic containers falling from a shelf while a business invitee in a Wal-Mart store in Jackson, Alabama on September 1, 2005. (Complaint, ¶ 6.) According to the Complaint, Delony was manager of the Jackson store and was responsible for ensuring that the premises were maintained in a safe condition. (*Id.*) The Complaint asserted claims against Wal-Mart and Delony for negligence and wantonness, predicated on the theory that Delony, in the line and scope of his employment for Wal-Mart, had failed properly to secure or store the containers, or caused and allowed such containers to remain in a dangerous condition without adequately warning Sharp of the danger

---

[1]      The Wal-Mart entity appearing in this action has been Wal-Mart Stores East, L.P., rather than Wal-Mart, Inc. For purposes of the jurisdictional issues addressed in this Order, however, the distinction is of no consequence, and both entities will be referred to herein as "Wal-Mart."

they posed.  (*Id.*, ¶¶ 6-7, 11-12.)  Both Sharp and Delony were alleged to be citizens of Alabama.

(*Id.*, ¶¶ 1, 3.)  Further, the Complaint named as fictitious defendants the persons who "negligently

and/or wantonly stored and/or secured the containers that caused the plaintiff's injuries, ... the names

and addresses of said persons ... presently being otherwise unknown to the plaintiff."  (*Id.*, ¶ 4.)

On November 28, 2006, Wal-Mart filed a Notice of Removal (doc. 1) in this District Court,

removing this action from Clarke County on the basis of diversity of citizenship, pursuant to 28 U.S.C.

§ 1332.  Although defendant Delony is of non-diverse citizenship from Sharp, in that both are Alabama

citizens, Wal-Mart argued that Delony's citizenship is jurisdictionally irrelevant because he was

fraudulently joined.  To support this contention, Wal-Mart presented the Affidavit of non-party Sabrina

McGhee, Assistant Manager of the Jackson store.  McGhee averred that as of the accident date,

"Delony was not working in the store nor was he the manager of that store during that time period.  He

recently had transferred to the Wal-Mart Store located in Semmes, Alabama, Store #5174 and in the

meantime, David Favor served as the manager ...." (McGhee Aff., ¶ 4.)   Because Delony had

"recently" transferred to another store, Wal-Mart reasons, he could not possibly be liable to Sharp in

connection with the September 1, 2005 accident in the Jackson store.

Just two days after the case was removed, Sharp filed a Motion for Leave to Amend

Complaint, in which she seeks to add as additional defendants David Favor, Delores Alford and Tiffany

Davis, without abandoning her claims against Wal-Mart and Delony.  (Doc. 2, at 1.)  As grounds for

her request, Sharp states that discovery responses obtained shortly before removal reflected that Favor

was the manager of the Jackson store on the date of the accident and that Alford and Davis were the

Wal-Mart employees responsible for shelving the containers that had injured plaintiff.[2]  On that basis,

plaintiff wishes to amend her Complaint to state claims against Favor, Alford and Davis (all of whom

---

[2]      Specifically, in interrogatory responses served on November 6, 2006, Wal-Mart
responded to a query requesting the name and address of the manager of the Jackson store at the time
of plaintiff's injury by identifying David Favor.  (Defendants' Interrogatory Responses, at #11.)  Wal-
Mart's response did not address the portion of the interrogatory requesting Favor's address.  Likewise,
in response to an interrogatory requesting the name and address of the Wal-Mart employee(s) who
placed the merchandise on the shelf where Sharp was injured, Wal-Mart identified Delores Alford and
Tiffany Davis, but did not acknowledge plaintiff's request for their respective addresses.  (*Id.* at #12.)

are alleged to be Alabama citizens) for negligence and wantonness in connection with the storage and stacking of the containers on the shelf and the failure to ensure that the premises were maintained in a safe condition or to warn Sharp of any unsafe condition.[3]

At the close of briefing on the Motion for Leave to Amend, Sharp filed a Motion to Remand (doc. 7), asserting that remand is appropriate because Wal-Mart has not shown that Delony was fraudulently joined and, in any event, Sharp's proposed amendment would negate diversity jurisdiction. Wal-Mart opposes remand.

## II.    Analysis.

As a general matter, leave to amend the pleadings should be freely given in the absence of such countervailing factors as undue delay, bad faith, dilatory motive, undue prejudice or futility of amendment. *McKinley v. Kaplan*, 177 F.3d 1253, 1258 (11th Cir. 1999); *see also Spanish Broadcasting System of Fla., Inc. v. Clear Channel Communications, Inc.*, 376 F.3d 1065, 1077 (11th Cir. 2004) ("leave to amend must be granted absent a specific, significant reason for denial"); Rule 15(a), Fed.R.Civ.P. (leave to amend pleadings "shall be freely given when justice so requires"). But this permissive standard must yield to a specific statute, 28 U.S.C. § 1447(e), when a plaintiff seeks to amend her complaint following removal in a manner that would join additional defendants whose presence would destroy diversity jurisdiction. *See, e.g., Bevels v. American States Ins. Co.*, 100 F. Supp.2d 1309, 1312 (M.D. Ala. 2000) ("This court agrees with the reasoning of other federal courts that 28 U.S.C. § 1447(e), rather than Rule 15(a), should apply when a plaintiff seeks to amend a complaint to destroy diversity jurisdiction after removal."); *Clinco v. Roberts*, 41 F. Supp.2d 1080, 1086-87 & n.4 (C.D. Cal. 1999) (adopting prevailing view that § 1447(e) trumps Rule 15(a) when proposed amendment would eliminate diversity).  Sharp's proposed amendment would join certain new non-diverse defendants, precluding § 1332 jurisdiction; therefore, her Motion to Amend is properly examined through the prism of § 1447(e), and not the liberal Rule 15(a) standard.

Section 1447(e) provides as follows: "If after removal the plaintiff seeks to join additional

---

[3]     The proposed amendment would also correct the name of the Wal-Mart entity by substituting Wal-Mart Stores East, L.P., for Wal-Mart Stores, Inc., as named defendant.

defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." *Id.* Decisions applying § 1447(e) have made clear that the statutory language means just what it says. For example, in *Ingram v. CSX Transp., Inc.*, 146 F.3d 858 (11th Cir. 1998), the court explained that where § 1447(e) applies, "the district court was left with only two options: (1) deny joinder; or (2) permit joinder and remand [plaintiff]'s case to state court." 146 F.3d at 862; *see also Kabakjian v. United States*, 267 F.3d 208, 212 (3rd Cir. 2001) (describing § 1447(e) as a circumstance in which district court can, "after suit is filed, permit the destruction of subject matter jurisdiction").[4]

As is implicit in the text of § 1447(e), the decision to grant or deny a post-removal motion to amend a complaint which would destroy federal subject matter jurisdiction is discretionary. *See, e.g., Mayes v. Rappaport*, 198 F.3d 457, 462 (4th Cir. 1999)("Under Section 1447(e), the actual decision on whether or not to permit joinder of a [non-diverse] defendant ... is committed to the sound discretion of the district court"); *Town of Gordon v. Great American Ins. Co.*, 331 F. Supp.2d 1357, 1359 (M.D. Ala. 2004) (recognizing discretion in § 1447(e) context); *Carter v. Dover Corp., Rotary Lift Div.*, 753 F. Supp. 577, 579 (E.D. Pa. 1991) ("Virtually every court to address the joinder question since the enactment of § 1447(e) views the statute as ... providing for a flexible, broad discretionary approach"). Such discretion does not imply that § 1447(e) amendments should be granted as a matter of course. To the contrary, "[t]he district court, when faced with an amended pleading naming a new nondiverse defendant in a removed case, should scrutinize that amendment more closely than an ordinary amendment." *Hensgens v. Deere & Co.*, 833 F.2d 1179, 1182 (5th Cir. 1987); *see also Dasma Investments, LLC v. Realty Associates Fund III, L.P.*, 459 F. Supp.2d 1294, 1299-1300 (S.D. Fla. 2006) (explaining that a plaintiff "is not automatically entitled to add non-diverse defendants

---

[4]     One district court succinctly summarized the options available in the § 1447(e) context as follows: "[A]fter a case has been properly removed to federal court, if a plaintiff seeks to amend the complaint in a way that would destroy jurisdiction, the court has discretion to deny the amendment and maintain jurisdiction, or grant the amendment and remand the case to state court. What the court cannot do is allow an amendment that destroys federal jurisdiction and exercise jurisdiction over the case." *Smith v. White Consol. Industries, Inc.*, 229 F. Supp.2d 1275, 1278 (N.D. Ala. 2002).

following removal to destroy diversity").

The leading appellate authority guiding district courts in the exercise of this discretion is *Hensgens v. Deere & Co.*, 833 F.2d 1179 (5th Cir. 1987), in which the Fifth Circuit identified four factors germane to this inquiry, to-wit: (1) the extent to which the purpose of the amendment is to defeat federal jurisdiction, (2) whether the plaintiff has been dilatory in seeking amendment, (3) whether the plaintiff would be significantly injured if the amendment were not permitted, and (4) any other factors bearing on the equities. *Id.* at 1182. This framework is designed to facilitate the balancing of the defendant's interests in maintaining a federal forum with the competing interest disfavoring parallel lawsuits in federal and state courts. *Id.*; *see also Hughes v. Promark Lift, Inc.*, 751 F. Supp. 985, 987 (S.D. Fla. 1990) ("In determining whether joinder pursuant to § 1447(e) is appropriate, the district court is required to balance the equities involved."). Although *Hensgens* predates the 1988 creation of § 1447(e), district courts in this Circuit routinely apply its teachings today when faced with a post-removal motion to amend that would compromise federal jurisdiction.[5]

Application of the *Hensgens* factors in the case at bar reveals that the balance of equities squarely favors amendment. Contrary to Wal-Mart's position, the amendment does not appear to have the purpose of defeating federal jurisdiction; rather, its purpose is nothing more sinister than naming the proper individual defendants who were responsible for the status and security of the plastic containers that fell on Sharp. The Complaint initially named Delony as a defendant on the understanding that he was the manager of the Jackson store on September 1, 2005, and also named certain unknown

---

[5]    *See Dasma*, 459 F. Supp.2d at 1300 ("The factors a court should consider include the plaintiff's motivation for joinder of the non-diverse parties, the prejudice to the plaintiff if the amendment is not allowed, the timing of the amendment, the original defendant's choice of forum (through removal), and the likelihood of multiple litigation."); *Jones v. Rent-A-Center East, Inc.*, 356 F. Supp.2d 1273, 1275 (M.D. Ala. 2005); *Smith*, 229 F. Supp.2d at 1280; *Jerido v. American Gen. Life & Accident Ins. Co.*, 127 F. Supp.2d 1322, 1325 (M.D. Ala. 2001); *Bevels*, 100 F.Supp.2d at 1313; *Sexton v. G & K Services, Inc.*, 51 F. Supp.2d 1311, 1312 (M.D. Ala.1999); *Weathington v. United Behavioral Health*, 41 F. Supp.2d 1315, 1318 (M.D. Ala 1999); *Jarriel v. General Motors Corp.*, 835 F. Supp. 639, 641 (N.D. Ga. 1993). In that regard, some courts have characterized § 1447(e) as a mere codification of the *Hensgens* rule. *See Cobb v. Delta Exports, Inc.*, 186 F.3d 675, 677 n.4 (5th Cir. 1999) (citing cases).

fictitious defendants who were responsible for securing the containers in an unsafe manner.  Thus, plaintiff's intent since the inception of this lawsuit in Clarke County Circuit Court has been to sue not only Wal-Mart, but also the store manager and other employees responsible for stacking the merchandise that caused her injuries.  The proposed amendment would merely effectuate plaintiff's intent in this regard, by plugging in the correct identities of the persons who managed the store and stacked the merchandise at the Jackson store during the time period in question.  Such circumstances are not fairly attributed to the improper objective of sabotaging federal jurisdiction.

Notwithstanding the foregoing, Wal-Mart insists that a nefarious purpose can be adduced from the fact that plaintiff knew the identities of Favor, Alford and Davis prior to removal, but failed to seek to name them as defendants until after removal.  The reality of the situation is more complicated.  The record reflects that, on November 6, 2006, Sharp first learned through discovery responses that Favor was the store manager, and that Alford and Davis were the Wal-Mart employees who had stocked the shelves that led to her injuries.  The Notice of Removal was filed on November 28, and the Motion to Amend Complaint followed on November 30; however, plaintiff was not idle during the three-week interval between disclosure and removal.  Wal-Mart's November 6 discovery responses omitted the addresses of Favor, Alford and Davis, even though plaintiff had specifically requested them.  Without these addresses, it would be difficult to serve process on any of these persons if they were added as party defendants.  As such, it was an entirely proper and appropriate strategy for plaintiff to attempt to procure those addresses before moving forward with the amendment.  To that end, within a reasonable time after receipt of the incomplete discovery responses, plaintiff's counsel contacted Wal-Mart's attorney in writing and specifically requested the addresses of Favor, Alford and Davis.  (Reply Brief (doc. 6), at Exh. D.)  Wal-Mart's response dated November 21, 2006 ignored that request and failed to furnish addresses for any of those persons.  (*Id.* at Exh. E.)  Plaintiff followed up with an e-mailed request for addresses on November 27, 2006, one day before removal.  (*Id.* at Exh. F.)  In response, Wal-Mart's counsel advised plaintiff's counsel later that same day that he did not have their addresses, but that he would try to locate them if plaintiff wished.  (*Id.* at Exh. G.)  Shortly thereafter, plaintiff's counsel discovered the addresses of Alford and Davis by other means, and resolved to serve Favor

-6-

through the Jackson store that he managed.  This paper trail confirms that, far from sitting on her hands with respect to Favor, Alford and Davis, after learning their identities plaintiff undertook reasonably prompt and diligent measures to obtain their addresses, with an eye towards amending the complaint and serving them with process upon obtaining same.  The Motion for Leave to Amend Complaint was filed less than two days after plaintiff learned the addresses of Alford and Davis.

These circumstances cannot reasonably support a finding that plaintiff's amendment is calculated to defeat federal jurisdiction.  From the very inception of this action, Sharp has sought to bring negligence and wantonness claims against not only Wal-Mart, but also the individual managers and employees whom she contends are responsible for her injuries.  She did not tarry upon learning the identities of Favor, Alford and Davis, but acted promptly through multiple avenues to ascertain their addresses (which plaintiff had requested but which Wal-Mart had failed to provide in its discovery responses) for service of process.  Upon learning the locations of Alford and Davis, and confirming Favor's status as manager at the Jackson store, plaintiff had service addresses for all three proposed new defendants and proceeded without delay to seek to amend her complaint to state colorable state-law claims against each of them.  Nothing in these facts suggests either an improper purpose or dilatory conduct.[6]  Accordingly, the first two *Hensgens* factors weigh in favor of allowing the amendment.

The next *Hensgens* factor is whether plaintiff will be significantly injured if the amendment is

---

[6]     The cases on which Wal-Mart relies are distinguishable.  For example, Wal-Mart cites *Smith v. White Consol. Industries, Inc.*, 229 F. Supp.2d 1275 (N.D. Ala. 2002) and *Sexton v. G & K Services, Inc.*, 51 F. Supp.2d 1311 (M.D. Ala.1999) for the proposition that attempts to add diversity-destroying defendants post-removal despite prior knowledge of those defendants strongly suggests an improper purpose.  Both cases are distinguishable.  In *Smith*, the identity of the new defendant was known to the plaintiff at least 10 months before filing his initial complaint and 20 months before filing the proposed amendment.  In *Sexton*, the plaintiff could have ascertained the new defendant's identity merely by looking at the contract at issue in the case.  Here, by contrast, Sharp did not know, and could not reasonably ascertain, the new defendants' identities without the discovery process.  To the contrary, the information available to Sharp (*e.g.*, the picture of Delony on the wall of the Jackson store identifying him as manager; the listing of his name as manager on the Incident Report relating to Sharp's injury) prior to filing suit misled her into believing that Delony, and not Favor, was the manager of the Jackson store, and she acted promptly and diligently to obtain the correct information via the discovery process even before this action was removed.

-7-

disallowed.  Wal-Mart argues that this factor militates against amendment because Favor, Alford and Davis are not indispensable parties; Wal-Mart can fully satisfy any judgment that Sharp might receive; plaintiff can obtain discovery from these proposed new defendants through Wal-Mart because they are employed by Wal-Mart; and plaintiff can sue the proposed individual defendants in state court.  Implicit in these contentions are several assumptions, the most crucial of which is that the proposed new defendants were acting in the line and scope of their employment, such that Wal-Mart would be liable for their acts and omissions.  To be sure, Wal-Mart is correct that it "has not denied that the individuals were acting in the line and scope of their employment at all relevant times" (Opposition Brief, at 9), but it has not admitted it either.  At this early stage of the litigation, there is no evidence before the Court that lends any clues as to whether a dispute might arise as to agency / respondeat superior issues. Certainly, nothing in the pleadings would foreclose such a defense, and Wal-Mart has not affirmatively waived it.  As such, it is impossible to rule out at this juncture the possibility that the liability of the proposed individual defendants may diverge from that of Wal-Mart.  Moreover, Wal-Mart trivializes the additional hassle, expense and inconvenience that would arise if Sharp were to initiate parallel litigation against Favor, Alford and Davis in state court.  Unquestionably, it would be a significant burden to prosecute a redundant case.  Finally, should Favor, Alford or Davis leave their employment with Wal-Mart during the pendency of these proceedings, plaintiff may encounter substantially greater obstacles in securing discovery from them as third-party witnesses than she would if they were named defendants.[7]  For all of these reasons, the Court is of the opinion that there is a substantial risk of injury to plaintiff if the requested amendment is rejected.

Lastly, in considering all of the equities, the Court observes that the interests of efficiency and judicial economy strongly favor litigating all of Sharp's claims relating to the September 2005 incident in a single lawsuit.  The deleterious effects of duplicative litigation concerning the same subject matter and similar parties must be weighed in the balance of equities.  *See Hensgens*, 833 F.2d at 1182

---

[7]  Additionally, depending on how Sharp were to structure her state court lawsuit and how the applicable agency principles were resolved, she might encounter difficulty under Alabama Code § 6-5-440, which generally prohibits plaintiffs from prosecuting two actions in the courts of this state at the same time for the same cause and against the same party.

(defendant's interest in federal forum must be weighed against "the danger of parallel federal/state proceedings with the inherent dangers of inconsistent results and the waste of judicial resources"). More generally, this is not a case in which the plaintiff has engaged in inequitable conduct. There is no indication that she has been manipulative, deceptive, or dilatory in any respect. Certainly, the balance of the equities should encompass consideration of defendant's right to choose a federal forum. *See id.* But here that right was mitigated, if not altogether eliminated, by the fact that, since Day 1, Sharp has attempted to sue the Wal-Mart store manager and the Wal-Mart employees who stacked the shelves with the falling containers. Those defendants were always of non-diverse citizenship from Sharp, even if she did not name the correct manager in her first Complaint. Moreover, it appears that Wal-Mart's hands are unclean because, through misidentifying Delony as store manager both on the requisite incident report and on the physical store itself, Wal-Mart created the confusion that led to Sharp incorrectly identifying him as store manager in her Complaint. Likewise, by failing to respond to discovery requests for the new defendants' addresses, Wal-Mart effectively delayed Sharp's amendment (which it must have suspected was in the offing) as it prepared its removal papers. To deny the amendment here would allow Wal-Mart to profit from its own misleading and foot-dragging conduct by preserving a federal forum to which Wal-Mart would never have been entitled absent such conduct.

For all of the foregoing reasons, the Court finds, based on the balance of equities, that plaintiff's proposed amendment should be permitted under 28 U.S.C. § 1447(e). The Motion for Leave to Amend Complaint (doc. 2) is therefore **granted**, and the proposed First Amended Complaint appended to the Motion shall be deemed the operative complaint. Because defendants Favor, Alford and Davis are all of non-diverse citizenship to plaintiff, § 1447(e) requires that this action be **remanded** to the state court for lack of subject matter jurisdiction.[8]

---

[8]     Because the Court has concluded that the amendment to name non-diverse defendants should be allowed, it is not necessary to reach the question of whether Delony was fraudulently joined as a defendant. Nonetheless, the record does not support a finding of fraudulent joinder. Under well established law, fraudulent joinder is appropriate in the circumstances presented here only if "there is no possibility the plaintiff can establish a cause of action against the resident defendant. ... The defendant

### III.   Conclusion.

For all of the foregoing reasons, plaintiff's Motion for Leave to Amend Complaint (doc. 2) and plaintiff's Motion to Remand (doc. 7) are both **granted** pursuant to 28 U.S.C. § 1447(e).  Because subject matter jurisdiction is lacking, this action is hereby **remanded** to the Circuit Court of Clarke County, Alabama for further proceedings.


DONE and ORDERED this 25th day of January, 2007.


s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE

---

must make such a showing by clear and convincing evidence." *Henderson v. Washington National Ins. Co.*, 454 F.3d 1278, 1281 (11th Cir. 2006).  In assessing a fraudulent joinder objection, "the district court must evaluate factual allegations in the light most favorable to the plaintiff and resolve any uncertainties about the applicable law in the plaintiff's favor." *Pacheco de Perez v. AT & T Co.*, 139 F.3d 1368, 1380 (11th Cir. 1998).  Wal-Mart's only evidence to meet its heavy burden of proof on this issue is the statement in the McGhee Affidavit that Delony "recently had transferred" to another store and that he did not manage the Jackson store "during that time period".  What "time period"?  When is "recently"?  Surely, if Delony had been the manager of the Jackson store one day before the accident occurred, he could be liable in negligence or wantonness for unsafe conditions that he created and that persisted in that store the following day.  The McGhee Affidavit does not rule out this possibility.  Furthermore, if Delony were the manager when Wal-Mart employees stacked the shelves in an unsafe manner, and if he allowed or instructed them to proceed in that manner, he could be liable.  Again, the McGhee Affidavit is silent on this point.  McGhee's statement that Delony was not responsible for keeping the store safe or securing the containers is a legal conclusion that, on its face, flows exclusively from the premise that he was not the manager of the Jackson store on the date in question. (McGhee Aff., ¶ 5.)  McGhee cannot properly testify as to what legal responsibility Delony may or may not have had, and this passage reduces to the unremarkable (and ultimately unhelpful) proposition that Delony was not the manager on September 1, 2005.  She says nothing about what involvement Delony might have had in creating or overseeing the dangerous condition that culminated in the September 1, 2005 accident.  On this scant evidentiary showing, Wal-Mart has not satisfied its heavy burden of proving fraudulent joinder.  This finding constitutes a separate and independent basis for remanding this action for lack of subject matter jurisdiction.